IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


ESCAPES!, INC.,

Plaintiff,

vs.                                    CIVIL ACTION 09-0515-KD-M

LEGACY LAND & DEVELOPMENTS,
LLC, et al.,

Defendants.


ORDER

    Pending before the Court are Plaintiff's Motion for
Sanctions (Doc. 192), Rebuttal ... filed by Defendant William
Kearney ("Kearney") (Doc. 198), Rebuttal ... filed by Defendant
Dolores Balliett ("Balliett") (Doc. 199),  and Plaintiff's Reply
Brief in Support of its Motion for Sanctions (Doc. 203).  After
consideration of the pleadings and the history of this action,
Plaintiff's Motion for Sanctions is **DENIED** in part and **DEFERRED**
in part (Doc. 192).

    Plaintiff asserts in its motion that Defendants Kearney and
Balliett, who are representing themselves in this action, have
failed to fully and properly respond to various discovery
requests as required by the Federal Rules and ordered by the
Court on January 3, 2011 (Doc. 162).  Plaintiff requests three
Rule 37 sanctions, all in the alternative: (1) an entry of
default judgment against Defendants Kearney and Balliett, or (2)

to prohibit Defendants Kearney and Balliett from denying that

they  breached their agreement to purchase the property that is

at issue in this litigation and made misrepresentations as

alleged in the complaint, or (3) to compensate Plaintiff for

attorney's fees and costs incurred related to the failure of

Defendants Kearney and Balliett to comply with the Federal Rules

of Civil Procedure and the Court's orders.

Federal Rule of Civil Procedure Rule 37 (b)(2)states as

follows:

> (2) Sanctions in the District Where the Action Is
> Pending.
> (A) For Not Obeying a Discovery Order. If a party or a
> party's officer, director, or managing agent--or a
> witness designated under Rule 30(b)(6) or 31(a)(4)--
> fails to obey an order to provide or permit discovery,
> including an order under Rule 26(f), 35, or 37(a), the
> court where the action is pending may issue further
> just orders. They may include the following:(i)
> directing that the matters embraced in the order or
> other designated facts be taken as established for
> purposes of the action, as the prevailing party
> claims;(ii) prohibiting the disobedient party from
> supporting or opposing designated claims or defenses,
> or from introducing designated matters in
> evidence;(iii) striking pleadings in whole or in
> part;(iv) staying further proceedings until the order
> is obeyed;(v) dismissing the action or proceeding in
> whole or in part;(vi) rendering a default judgment
> against the disobedient party; or(vii) treating as
> contempt of court the failure to obey any order except
> an order to submit to a physical or mental
> examination.
> (B) For Not Producing a Person for Examination. If a
> party fails to comply with an order under Rule 35(a)
> requiring it to produce another person for
> examination, the court may issue any of the orders
> listed in Rule 37(b)(2)(A)(i)-(vi), unless the

> disobedient party shows that it cannot produce the
> other person.
> (C) Payment of Expenses. Instead of or in addition to
> the orders above, the court must order the disobedient
> party, the attorney advising that party, or both to
> pay the reasonable expenses, including attorney's
> fees, caused by the failure, unless the failure was
> substantially justified or other circumstances make an
> award of expenses unjust.

Fed.R.Civ.P. 37(b)(2). "District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo v. Sugar Cane Growers Co-op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989).

"All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure." *Boswell v. Gumbaytay*, 2008 WL 4079287, *4 (M.D. Ala. Aug. 28, 2008). However, "a default judgment sanction requires a willful or bad faith failure to obey a discovery order." *Malautea V. Suzuki Motor Co., Ltd*. 987 F.2d 1536, 1542 (11th Cir. 1993)(citation omitted). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Id*. (citations omitted). "[T]he severe sanction of a ... default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id*. "[B]ecause a

3

court's inherent powers are so potent, they must be exercised with restraint and discretion." *Id.* at 1546 (citation omitted).

"Once the moving party makes a prima facie showing that the other party violated the court's discovery order, the non-moving party must prove that it was impossible to comply in order to avoid sanctions." *Broadcast Music, Inc. v. Bourbon Street Station, Inc.*, 2010 WL 1141584, *2 (M.D. Fla. Mar. 23, 2010)(citation omitted). "Pursuant to Federal Rule of Civil Procedure 37, monetary sanctions must be imposed on any party who fails to comply with a discovery order, 'unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" *Id.* at *3 citing Fed.R.Civ.P. 37(b)(2)(C).

Plaintiff's Motion cites to two other actions to support its request to enter a default judgment against Defendants Kearney and Balliett. However, both actions contain different facts than the ones at hand. First, Plaintiff cites to *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536 (11th Cir. 1993). In *Malautea,* the defendants refused to provide specific discoverable identified documents, and defendants had already been threatened twice with a default sanction. *Id.* at 1543. The lower court, which was affirmed, found that sanctions any less harsh would not have changed defendants' behavior. *Id.* at 1544. Also, the lower court found that "the defendants **and their attorneys** engaged in an unrelenting campaign to obfuscate the

truth." *Id.* (emphasis added). Here, the pro se Defendants have not been given notice or threatened with a default judgment by the Court, and it has not been requested by the Plaintiff's prior to their Motion (Doc. 192). The Defendants do not appear, at this stage of litigation, to have willfully or in bad faith violated the Court's orders or rules, and have at least attempted to comply with both.

Second, Plaintiff's cite to *Cotton States Mutual Ins. Co. v. Sellars*, 2008 WL 4601015 (M.D. Ala. Oct. 15, 2008). The *Cotton* case differs from this action because the *Cotton* defendant did not file **_any_** response to plaintiff's motion to compel, and never filed **_any_** initial disclosures as required by the court order. *Id*. at *2-4. Additionally, the *Cotton* plaintiff moved for a default judgment after the defendant did not file any initial disclosures, and the court ordered that the defendant show cause as to why the defendant failed to provide any initial disclosures. *Id*. The defendant did not respond **_at all_** to the default judgment as required by the show cause order. *Id*. In one last effort to afford the defendant an opportunity to explain himself, the *Cotton* court set a hearing on the motion for default judgment. *Id*. However, the defendant never appeared and did not give notice to the court of any reason why he could not appear at the hearing or why he should not receive sanctions. *Id.*

In this action, Defendants Kearney and Balliett have responded in some fashion to Plaintiff's discovery requests, motions to compel, and/or orders of this Court, whether it be an actual response, motion or objection, or other filing. While Defendants Kearney and Balliett have not necessarily responded to Plaintiff in proper form and in accordance with the Federal Rules, they have minimally responded in their various filings, many times providing at least some of the information requested in those objections or motions. Given the present circumstances and facts in this action, the Court finds that the extreme sanction of default is not warranted at this time and **DENIES** that part of the Motion for Sanctions.

That portion of Plaintiff's Motion for Sanctions requesting that Defendants be prohibited from denying Plaintiff's claims is also **DENIED**, the Court finding that it is too extreme and unwarranted at this time in this action.

Finally, the Court finds that Plaintiff may be entitled to be reimbursed for its attorney's fees and costs incurred due to Defendants' failure to comply with the requirements of the Federal Rules of Civil Procedure in conducting their defense and discovery; however, a ruling on that part of the Motion for Sanctions is **DEFERRED** until after the expiration of the discovery period in order to give Kearney and Balliett an opportunity to correct any deficiencies, to resolve with counsel

for Plaintiff any remaining discovery disputes, and to conclude discovery, including depositions, by April 20, 2011. It is most unlikely that another extension of the discovery period will be granted so the parties are advised to make good use of the time that remains. As stated previously, even though Defendants are representing themselves, they are still required to proceed in accordance with the Federal Rules of Procedure, Local Rules and this Court's orders.

DONE this 14th day of March, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE