IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ESCAPES!, INC.,

    Plaintiff,

vs.                                                     CIVIL ACTION 09-0515-KD-M

LEGACY LAND & DEVELOPMENTS,
LLC, et al.,

    Defendants.

## ORDER

Pending before the court is Plaintiff's Motion for an Order Requiring Baker Donelson to Respond to Plaintiff's Subpoenas (Doc. 209). After consideration of the Notice of Intent to Serve Subpoena for Records of a Non-Party (Doc. 101), Notice of Intent to Serve Subpoena for Records of a Non-Party (Doc. 102), Objection to Subpoenas filed by Defendant William Kearney (Doc. 108), Escapes!, Inc.'s Response to Kearney's Objection to Baker Donelson Subpoenas (Doc. 134), and Plaintiff's Motion for an Order Requiring Baker Donelson to Respond to Plaintiff's Subpoenas (Doc. 209), the Motion is **GRANTED**.

Defendant William Kearney objected to the subpoenas issued to Baker Donelson Bearman Caldwell & Berkowitz PC ("Baker Donelson"), a law firm which represented him and other Defendants with regard to the purchase of the property at issue in this action, because the subpoenas require production of

material that Kearney asserts is protected under the attorney-client privilege. (Doc. 108, p. 1). However, Plaintiff explains that it only requests production of "any and all non-privileged documents and communications in [Baker Donelson's] file related to Defendants' proposed purchase of the property at issue in this litigation." (Doc. 209, p. 4).

"The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice[.]" *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982)(citations omitted). However, the attorney-client privilege "is not all-inclusive" and is "construed narrowly so as not to exceed the means necessary to support the policy which it promotes." *In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992). The privilege is construed narrowly, as explained by the court in *In re Grand Jury Matter No. 91-01386*, as follows:

> [T]he argument that *any* communication between an attorney and client is protected by the privilege is overbroad. Merely because a matter which a lawyer is asked to reveal might incriminate a client does not make that matter privileged. The privilege is not designed to protect revelation of incriminating matters, only confidential communications between the

2

attorney and client regarding the matter of representation.

*Id*. at 997.

Therefore, the Motion is **GRANTED** and non-party Baker Donelson is **ORDERED** to respond to the subpoenas by producing only the non-privileged documents and communications in its file related to Defendants' proposed purchase of the property at issue in this action.

DONE this 22nd day of March, 2011.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE