IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ESCAPES!, INC.,                       :
                                      :
    Plaintiff,                        :
                                      :
vs.                                   :   CIVIL ACTION 09-0515-KD-M
                                      :
LEGACY LAND & DEVELOPMENTS,           :
LLC, et al.,                          :
                                      :
    Defendants.                       :

REPORT AND RECOMMENDATION

The Plaintiff's Motion for Default Judgment Against Defendants Kearney and Balliett (Doc. 223) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Diversity jurisdiction has been invoked in this Court under 28 U.S.C. § 1332 (see Doc. 1, p. 2). After consideration of the pleadings and the history of this action, it is recommended that Plaintiff's Motion for Default Judgment Against Defendants Kearney and Balliett (Doc. 223) be granted.

The facts are, briefly, as follows. On August 10, 2009, Plaintiff filed suit against Defendants Dolores Balliett ("Balliett"), William Kearney ("Kearney"), Allan A. Buniak[1],

---

[1] Until the District Judge issues a final ruling on Plaintiff's pending Motion for Default Judgment Against Defendants Kearney and Balliett (Doc. 223), the discovery is stayed as to Defendant Allan A. Buniak (see Doc. 247).

Legacy Land & Development, LLC[2], and Escapes Acquisition Company, LLC[3] for fraudulent misrepresentation, promissory fraud, fraudulent suppression, breach of contract, conspiracy to defraud, and promissory estoppel (Doc. 1).  Kearney and Balliett have proceeded *pro se* in this action.  The parties' Rule 26(f) meeting was to be held and the report to be filed by March 22, 2010; however, Defendants Kearney and Balliett did not respond to Plaintiff's attempts to set up a meeting time (*see* Doc. 74).  Subsequently, the Court ordered that the parties meet and file a joint Rule 26(f) Report by April 1, 2010, and set a Rule 16(b) scheduling conference for April 2, 2010 (Doc. 75).  Defendant Kearney requested an extension of time for the scheduling conference (Doc. 78).  The Court granted Kearney's request and reset the conference for April 21, 2010 and ordered the parties to file the report of Parties' Planning Meeting by April 19, 2010 (Doc. 79).  On April 20, 2010, Defendant Balliett filed a Motion to Continue the scheduling conference (Doc. 86), but the Court denied the Motion and stated that it would proceed as scheduled on April 21, 2010 (Doc. 87).  Additionally, as noted

---

[2] The Clerk entered a default against Legacy Land & Development, LLC on October 26, 2009 for its failure to plead or otherwise defend (Doc. 24).

[3] The Clerk entered a default against Escapes Acquisition Company, LLC on October 26, 2009 for its failure to plead or otherwise defend (Doc. 24).

on the docket sheet, the Clerk's Office contacted Defendant Balliett on April 20, 2010 to make sure she knew that the scheduling conference would proceed as scheduled on April 21, 2010, but the Defendant indicated that "she would not be able to attend because she could not travel and the Court needs to do what it needs to do." (Docket Sheet Remark 4/20/10). Defendant Kearney attended the scheduling conference, but explained to the Court he would need additional time to serve his initial disclosures since he had surgery scheduled for April 23, 2011 (*see* Doc. 110, pp. 1-2; Scheduling Conference noted on Docket Sheet 4/21/11). At the conference, the Court advised Defendant Kearney that if his medical issues would cause delays in the timely progression of the lawsuit, then he would be required to submit medical documentation verifying his illness (Scheduling Conference noted on Docket Sheet 4/21/11; *see* Doc. 132, p. 2). Taking Defendant Kearney's surgery into account, the Court's Scheduling Order stated that the initial disclosures were to be exchanged by May 12, 2010 (Doc. 90). Defendant Kearney did not serve his initial disclosures by May 12, 2010, and Plaintiff filed a Motion to Compel the initial disclosures (Doc. 100). The Court granted Plaintiff's motion, and Defendant Kearney was ordered to serve his initial disclosures by June 23, 2010 (Doc. 105).

On April 23, 2010, the Plaintiff filed a Motion to Compel Defendant Kearney to Personally Sign Any and All Future Pleadings, Motions, and Other Paper because documents were being filed without a signature (Doc. 92), which was granted (Doc. 93). Defendant Kearney requested that the Court modify this Order (*see* Doc. 111). The Court denied Defendant Kearney's request and reiterated that he must personally sign every pleading, written motion and other paper (Doc. 113).

On October 25, 2010, Defendant Kearney filed a Request to Submit Information In Camera Concerning Defendant's Health Record, which stated that due to his health issues he would be unable to proceed with the lawsuit (Doc. 130). Defendant Kearney filed another Request to Submit Information In Camera Concerning Defendant's Health Record on December 1, 2010 (Doc. 146).

On November 11, 2010, Plaintiff filed a Motion to Compel responses to discovery requests (Doc. 136). The Court ordered Defendants Kearney and Balliett to file a response to the Motion to Compel not later than November 22, 2010 (Doc. 137). Defendants Kearney and Balliett did not file a response by November 22, 2010 so the Court granted the Motion to Compel on January 3, 2011, wherein Defendant Balliett and Kearney were ordered to respond to Plaintiff's discovery requests by January 24, 2011 (Doc. 162). The Order also addressed Defendant

Kearney's requests to submit medical records in camera, and stated that Defendant Kearney could submit medical records under seal but so that other parties in this litigation could view the records as well (Doc. 162).

On January 19, 2011, Defendant Kearney filed a Motion to Extend Discovery, and cited health issues as the reason for the requested extension (Doc. 177). The Court denied Defendant Kearney's Motion to Extend Discovery because he did not file a doctor's statement in support of his assertion that he was in poor health, as previously instructed (Doc. 193). Additionally, the Court again instructed Defendant Kearney that future pleadings should be legibly signed, or they would be stricken (Doc. 193). Defendant Kearney filed an Explanation Medical-Signature, which cited to two reasons why he could not legibly sign documents: (1) he suffered industrial accidents throughout his career, and (2) his right writing hand was slammed in a car door and injured (Doc. 196). No doctor's medical statement accompanied this filing (*see* Doc. 196).

Plaintiff filed a Motion for Sanctions on February 2, 2011 since Defendants Balliett and Kearney failed to respond to discovery by January 24, 2011 as previously ordered (Doc. 192). After consideration and hoping that another opportunity and lesser sanctions would correct the ongoing pattern of conduct, the Court found that the extreme sanction of default was not

5

warranted at that time, but granted the Motion for Sanctions in part, finding that "Plaintiff may be entitled to be reimbursed for its attorney's fees and costs incurred due to Defendants' failure to comply with the requirements of the Federal Rules of Civil Procedure in conducting their defense and discovery" but deferred as to the amount until after the expiration of the discovery period "in order to give Kearney and Balliett an opportunity to correct any deficiencies, to resolve with counsel for Plaintiff any remaining discovery disputes, and to conclude discovery, including depositions, **by April 20, 2011**." (Doc. 204)(emphasis added). On March 23, 2011, Plaintiff filed a Motion Requesting an Emergency Hearing... due to continuing cooperation issues with Defendants Kearney and Balliett regarding discovery and in light of the upcoming discovery deadline (Doc. 212). Defendant Kearney filed a "Medical Report –Kearney" to prove his medical condition (Doc. 213), which Defendant Kearney has cited to as the reason for his delays in litigation (*see* April 21, 2010 Docket Scheduling Conference; *see* Docs. 100, 110, 111, 130, 146, 177, 196, 198, 219). The Court granted the Motion Requesting an Emergency Hearing and set the hearing for March 31, 2011 at 2:00 p.m. (Doc. 214). The Court's Order warned Defendants Kearney and Balliett "to personally appear for the hearing" and that "[t]heir failure to do so could result in sanctions being imposed against them, including a

6

default judgment." (Doc. 214). Additionally, the Order explained that the letter submitted by Defendant Kearney regarding his health was deficient, and "[i]f Defendant Kearney files a letter or statement from his treating physician that corrects the deficiencies ... it is to be filed **not later than March 29, 2011."** (Doc. 214). Defendant Kearney did not file any document to cure the deficiencies as set out by the Court to prove his health problems. By March 31, 2011, Defendants Kearney and Balliett had not requested or obtained permission not to appear at the hearing. As explained in the Court's order, the following occurred the morning of the hearing:

> The morning of the hearing at approximately 8:45 a.m., a representative of an Orlando, Florida law firm representing Defendant Escapes Acquisition Co., LLC in bankruptcy proceedings communicated to the Court by telephone that this defaulted Defendant and Defendant Kearney would not be present at the hearing because a Chapter 11 bankruptcy petition had been filed the day before for Escapes Acquisition Co., LLC and it was their position that the filing automatically stayed this action as to all parties, including Kearney in his individual capacity. He was informed that Kearney was expected at the hearing. It is noted that the bankruptcy proceeding was filed the morning of the hearing, not the day before as represented in the phone conversation.
> When the undersigned's law clerk returned from lunch at approximately 1 p.m., it was noted that Peggy, calling for Dee Balliett, had left a telephonic message at 11:49 p.m. requesting a return call. Her call was returned at that time and, after Peggy transferred the call to Defendant Balliett, Balliett stated that neither she nor Kearney would [] be present at the hearing since weather conditions prevented them flying out of the airport at 5 p.m. the night before the hearing. Balliett also stated that

7

> Kearney felt ill. Nothing has yet been presented to
> the Court to indicate that these Defendants actually
> purchased airline tickets to come to Mobile for the
> hearing. The Court also notes that Defendant Kearney
> has never presented to the Court a current doctor's
> statement or letter substantiating his claims of
> illness and health issues, although he has been given
> ample opportunity to do so.

(Doc. 221).[4] On the subsequent day, Defendant Kearney filed a Request for Continuance, Unable to Attend, citing health issues for his failure to attend the hearing and power outages for why he did not file the request sooner (Doc. 219). Defendant Balliett filed a Notice of Inability to Attend Hearing March 31, 2011 citing weather issues as the primary reason for her inability to attend the hearing (Doc. 220). The Court ordered Defendants Kearney and Balliett to immediately contact Plaintiff's counsel prior to the expiration of discovery on April 20, 2011 and rendered the filings explaining Defendants'

---

[4] The Court notes that Defendant Kearney has previously given notice to the Court that this action would be stayed pending a bankruptcy filing, but the bankruptcy filing referenced in his first notice in Tennessee had no bearing on this action (*see* Docs. 67, 69). Additionally, the Court notes that the entity in this action (Escapes Acquisition Co., LLC) is not the same entity that filed bankruptcy in the Orlando Bankruptcy Court (Escapes Acquisition, LLC) (*see* Doc. 223-3). Also, the Court notes that the attorney for Defendant Kearney in the Orlando bankruptcy action has moved to dismiss the action since Defendant Kearney ended communications with the attorney after the initial bankruptcy filings, and the attorney cannot properly proceed with the bankruptcy action (*see* Doc. 239-1). The Orlando Bankruptcy Court has ordered that the debtor retain possession of the estate (see Doc. 248-8).

reasons for failing to appear at the hearing as moot since they were filed after the hearing (Doc. 221). Additionally, the Court warned Defendants Balliett and Kearney that their "**full and timely cooperation** in completing discovery as to them will be seriously considered in ruling on any motion for default that might be filed." (Doc. 221).

Plaintiff filed a Motion for Default Judgment as to Defendants Kearney and Balliett for unnecessarily delaying discovery, failing to appear at the March 31, 2011 hearing, and failure to cooperate after the hearing to coordinate depositions (Doc. 223). Defendant Kearney and Defendant Balliett's depositions were scheduled for April 18 and 19, 2011, but the Defendants did not appear (see Docs. 228, 232, Exhibits A-D). Plaintiff subsequently filed a motion entitled Further Evidence In Support ... of Default Judgment outlining Plaintiff's efforts to schedule depositions, and Defendant Kearney and Balliett's failure to cooperate in setting up and attending their depositions (Doc. 232). On April 22, 2011 Defendant Balliett filed a Response to the Deposition explaining the scheduling of her deposition, and failure to appear at the most recently scheduled deposition (Doc. 233). On April 22, 2011 Defendant Kearney filed a Response to the Deposition explaining his failure to attend the deposition was because he was receiving medical treatment and that a physician's letter was being

9

prepared and would be forwarded to the Court (Doc. 234). The Court entered an Order requiring Defendants Balliett and Kearney to file responses specifically to the Motion for Default Judgment (Doc. 223) no later than May 9, 2010 (Doc. 235). Plaintiff in turn filed a Response to Defendant Balliett's Response to the Deposition (Doc. 233) and Defendant Kearney's Response to the Deposition (Doc. 234) outlining the defects in the Defendants' explanations (Doc. 239). Defendant Balliett filed a response to Plaintiff's Motion for Default Judgment, which argued that default should not be entered against her because she was unable to attend the March 31, 2011 hearing due to weather (Doc. 242). Second, Defendant Balliett contends that she was "stood up" by the Plaintiff's attorneys for her April 7, 2011 deposition (Doc. 242, p. 5). Third, Defendant Balliett sets forth that she was unable to attend the April 18 deposition due to weather and her physical restrictions, and that she never agreed to the location nor received proper notice (Doc. 242, p. 6). Her response does not address why she did not attempt to appear at the potential deposition date of April 19, 2011 (*see* Doc. 232-4, E-mail from Defendant Balliett on April 18, 2011). Additionally, Defendant Balliett argued the merits of the complaint (Doc. 242, pp. 6-8).

Defendant Kearney filed his response to Plaintiff's Motion for Default Judgment (Doc. 243). Kearney argues that default is

not appropriate against him because he complied in the discovery process in regards to his responses, made efforts to arrange and attend depositions, and explained that the weather prevented him from attending the March 31, 2011 hearing and is not willing to supply proof of purchase of a plane ticket because he does not want his charge card information publicly available (Doc. 243). Additionally, Kearney said he did not receive notice or know his deposition was to take place in Mobile (Doc. 243, p. 3). Defendant Kearney also argued the merits of the complaint (Doc. 243, pp. 3-5).

Plaintiff filed its Reply, which pointed out inconsistencies in Defendant Kearney's and Balliett's responses (Doc. 248). Plaintiff posits that Kearney and Balliett could have attached proof of their purchase of plane tickets by redacting personal information or filing them under seal (Doc. 248, p. 5). Also, Plaintiff explains that Defendants Kearney and Balliett's explanations for failure to attend their depositions, specifically those set for April 18 and 19, 2011, are unsubstantiated with either plane tickets or a doctor's letter (Doc. 248, pp. 6-13). Plaintiff further explains that the Defendants were given adequate notice as to when their depositions were to take place (see Doc. 248, pp. 9-12). The Court notes that on April 12, 2011 the Plaintiff filed a Second Amended Notice of Videotaped Deposition of Dolores "Dee"

Balliett and a Second Amended Notice of Videotaped Deposition of William J. Kearney, which set forth that the depositions were to occur respectively on April 18 and 19, 2011 at Plaintiff's counsels' office, which is in Mobile, Alabama (Doc. 228). Also, Plaintiff sets forth that the complaint's sufficiency has no bearing on whether or not a default judgment should be entered against Defendants Balliett and Kearney (Doc. 248, p. 14).

Federal Rule of Civil Procedure Rule 37(b)(2)states as follows:

> (2) Sanctions in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)-- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
> (B) For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2). "District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo v. Sugar Cane Growers Co-op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989).

"All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure." *Boswell v. Gumbaytay*, 2008 WL 4079287, *4 (M.D. Ala. Aug. 28, 2008). However, "a default judgment sanction requires a willful or bad faith failure to obey a discovery order." *Malautea v. Suzuki Motor Co., Ltd*. 987 F.2d 1536, 1542 (11th Cir. 1993)(citation omitted). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Id*. (citations omitted). "[T]he severe sanction of a ... default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*

"Once the moving party makes a prima facie showing that the other party violated the court's discovery order, the non-moving party must **prove** that it was impossible to comply in order to avoid sanctions." *Broadcast Music, Inc. v. Bourbon Street Station, Inc.*, 2010 WL 1141584, *2 (M.D. Fla. Mar. 23, 2010)(citation omitted and emphasis added).

In order to impose an extreme sanction like default judgment, the Court must find "(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders." *Inmuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001) (citing, inter alia, *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)). "[A] default sanction may be proper even when not preceded by the imposition of lesser sanctions [where] lesser sanctions would be ineffective [since] Rule 37 does not require the vain gesture of first imposing those ineffective lesser sanctions." *Malautea*, 987 F.2d at 1544. Moreover, "the probable merit of a litigant's case does not preclude the imposition of a default sanction against that litigant." *Id*.

In *Malautea*, the defendants refused to provide specific discoverable identified documents and had already been

14

threatened twice with a default sanction. 987 F.2d at 1543. The lower court, which was affirmed, found that sanctions less harsh than entering of a default judgment and repayment of fees would not have changed defendants' behavior. *Id*. at 1544. The lower court warned the defendants that harsh sanctions would result from continued discovery abuses, and the defendants "presented **no evidence** showing that their failure to comply with the discovery orders was due to misunderstanding or inability to comply." *Id*. at 1539 (emphasis added). "To succeed on a defense of inability to comply, the sanctioned party must go beyond a mere assertion of inability and introduce evidence in support of his claim." *Id*. at 1543 (citation and quotation omitted). The *Malautea* court chose "the most severe sanction because no other sanction [would] deter the [d]efendants, and similarly situated parties, from repeating [the] egregious conduct." *Id*. at 1541.

In this action, the Court previously found that the extreme sanction of default was not warranted (*see* Doc. 204). However, since that juncture, the Defendants violated two additional Court orders that warned Defendants that their non-compliance could result in a default judgment: (1) the Order setting the emergency hearing for March 31, 2011 (Doc. 214) and (2) the Order requiring Defendants Kearney and Balliett to immediately contact Plaintiff's counsel prior to the expiration of discovery on April 20, 2011 and to **fully and timely cooperate** in

15

completing discovery (Doc. 221).  Overall, Defendants Kearney and Balliett have stalled the timely litigation of this action in many ways which demonstrates their willful and bad faith failure to obey the Court's discovery orders, as follows: filing and/or conveying to the Court that a bankruptcy filing may stay this action as a potential delay tactic, failing to meet Court ordered discovery deadlines, citing to health and/or weather issues as excuses for failing to meet deadlines and/or appearing at hearings and/or depositions without proof thereof, and failing to **timely** notify the Court and/or Plaintiff's counsel of plans to not appear at scheduled hearings and/or depositions. The Court notified the parties that discovery was to conclude, including depositions, by April 20, 2011 (Doc. 204).  The Court scheduled the emergency hearing because Plaintiff's counsel feared that the discovery deadline would not be met due to Kearney and Balliett's non-cooperation.  The Court ordered the emergency hearing to take place to enable the parties to meet and cooperate to ensure that discovery was completed prior to the known and nearing deadline of April 20, 2011.  The Court specifically warned Defendants Kearney and Balliett that their failure to appear at the emergency hearing could result in sanctions being imposed against them, including a default judgment (Doc. 214).  The Court again warned Defendants Kearney and Balliett that their full and timely cooperation in discovery

would be seriously considered in ruling on any motion for default that may be filed (Doc. 221). The Court also gave Defendant Kearney until March 29, 2011 to cure the defects in the submitted doctor's statement in order to properly explain and substantiate his delays in litigation due to his health (Doc. 214). To date, no doctor's statement has been filed by Kearney despite his statement that one was forthcoming (*see* Doc. 234).

Defendants Kearney and Balliett have failed to prove that it was impossible to comply with the Court's orders relating to the emergency hearing (Doc. 214) and full cooperation with Plaintiff to meet the discovery deadline (Doc. 221). *See Broadcast Music, Inc.*, 2010 WL 1141584, *2 (M.D. Fla. Mar. 23, 2010). The arguments that Defendants set forth in their Responses (Docs. 242, 243) are not substantiated by any proof, but are mere assertions. While e-mail exchanges took place between the parties, ultimately Defendant Balliett blamed the weather and her physical restrictions for her non-appearance on April 18, 2011 (Doc. 242, p. 6) without proof thereof, and did not give any reason for why she did not appear at the proposed deposition date of April 19, 2011 (*see* Doc. 232-4, E-mail from

Defendant Balliett on April 18, 2011).[5]  Defendant Kearney initially explained that he could not attend his scheduled deposition on April 19, 2011 due to health issues without a doctor's letter (Doc. 234), but later said that he did not receive appropriate notice, particularly as to the location (Doc. 243) even though Plaintiff's counsel filed a proper deposition notice in advance (Doc. 228).

To succeed in their arguments of their inability to comply with the court orders, Balliett and Kearney "must go beyond a mere assertion of inability and introduce [supporting] evidence[.]" *Malautea*, 987 F.2d at 1543.  Defendants Kearney and Balliett were warned twice about the potential effect of their actions, namely, a potential entry of default judgment (see Docs. 214, 221).  The Plaintiff has been prejudiced in Kearney and Balliett's delay of litigation given the rising costs and fees and wasted time accrued by the Plaintiff.  Despite the

---

[5]  The Court notes that there was a scheduled April 7, 2011 deposition of Balliett (*see* Doc. 205), but such date did not work out between the parties due to miscommunication, non-communication, potential confusion, and notice of cancellation (*see* Docs. 224, 225, 227).  The Plaintiff made multiple communications with the Defendants and attempted to set up deposition related conference calls to confirm that the April 7 date would work for both Defendants.  However, it appears that Kearney nor Balliett participated in the conference calls, and Defendant Kearney himself did not timely respond to the early April dates proposed for his deposition (*see* Doc. 227), which in turn necessitated another round of proposed deposition dates.

Court's warnings and the lesser monetary sanctions already accorded (but the amount not yet determined), Kearney and Balliett have not heeded the Court's orders.

For the reasons set out above, the Court finds that Defendants Balliett and Kearney have acted willfully and in bad faith to disobey the Court's orders which prejudiced the Plaintiff and that a lesser sanction would fail to ensure future compliance with Court orders. Therefore, it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment Against Defendants Kearney and Balliett (Doc. 223) be granted.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objection party shall submit to the district judge, at the time

of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 3rd day of June, 2011.

                                        s/BERT. W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE