IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ESCAPES!, INC., )  | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO: 09-00515-KD-M |
| ) | |
| ALLAN A. BUNIAK, *et al.*, ) | |
|     Defendants. ) | |

**ORDER**

    This matter came before the Court on Defendant Dolores Balliett's Motion to Reconsider (Doc. 365) and Defendant William Kearney's Motion to Reconsider (Doc. 366) the Court's September 27, 2012 Order and Final Judgment (Docs. 354, 355).

    The decision to grant or deny a motion to reconsider is left to the discretion of the trial court. Chapman v. AI Transp., 229 F.3d 1012, 1023-1024 (11th Cir. 2000) (en banc). "In the interest of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Prod., Inc., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005) (citation omitted). Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Summit Med. Ctr. of Ala., Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). See also Douglas Asphalt Co., v. QORE, Inc., 657 F.3d 1146, 1151-1152 (11th Cir. 2011). However, "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgement was issued[]" Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (citations omitted), and "cannot be brought solely to relitigate issues already raised[,]" Harris v. Corrections Corp. of America, 2011 WL 2672553, *1 (11th Cir. Jul. 22, 2011).

1

A review of the motion to reconsider indicates that Defendants Balliett and Kearney do not raise any argument based on, or present any evidence of, an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. Nevertheless, giving these Defendants' motions to reconsider the liberal construction due to *pro se* motions, Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed") (quotations omitted), the Court construes the motion to reconsider as based upon the need to correct clear error or manifest injustice. In that regard, the Court has reviewed the motions to reconsider and finds that there is no clear error or manifest injustice resulting from its decision. In the motions, these Defendants focus their grounds for reconsideration on their purported ill health and the 2010 tornados in Alabama resulting in travel problems -- claiming such as the reason for their failure to appear and/or comply with Court orders – as well as seek to be dismissed from the litigation due to same. This matter (and the propriety of entry of a default judgment against Defendants Balliett and Kearney which dealt, in part, with their health and travel issues) has been exhaustively litigated since 2009, and an Order entering damages against these defendants as well as a Final Judgment have issued (Docs. 354, 355). As such, these Defendants' request to now be dismissed from the case as part of a motion to reconsider is untimely as well as baseless. Additionally, the asserted grounds for reconsideration -- their alleged health issues and travel problems tied to the 2010 tornados -- fail to address the merits of this case and instead, simply endeavor to relitigate matters which have already been thoroughly addressed by this Court. Accordingly, it is **ORDERED** that Defendant Dolores Balliett's Motion to Reconsider (Doc. 364) and Defendant Kearney's Motion to Reconsider (Doc. 365) are **DENIED.**

The Clerk is **DIRECTED** to provide a copy of this Order to the four (4) Defendants against

whom judgment has been entered, by mailing a copy of this Order and the Final Judgment (via certified mail return receipt) to the following addresses:

-**William J. Kearney,** 631 South Orlando Avenue, Suite 400, Winter Park, FL, 32789;

-**Dolores "Dee" Balliett,** 631 South Orlando Avenue, Suite 400, Winter Park, FL, 32789;

-**Legacy Land & Development, LLC,** c/o Registered Agent, The Corporation Trust Company of Nevada, 311 South Division Street, Carson City, NV, 89703, as well as to the address where the Complaint was served, as set forth in Doc. 12;

-**Escapes Acquisition Company, LLC,** c/o Registered Agent, National Registered Agents, Inc. of NV, 1000 East William Street, Suite 204, Carson City, NV, 89701, as well as to the address where the Complaint was served, as set forth in Doc. 7.

**DONE** and **ORDERED** this the **26th** day of **October 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**